**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

CARL G. NICHOLS and LIESE M. NICHOLS,

    Plaintiffs,

v.                                                                    Case No. 10-02072

GMAC HOME MORTGAGE CORPORATION
and MCCURDY & CANDLER, LLC,

    Defendants.

                                                     /

**ORDER GRANTING IN PART DEFENDANT GMAC'S MOTION FOR
SANCTIONS AND DIRECTING DEFENDANTS TO SUBMIT AN
ACCOUNTING OF ATTORNEY'S FEES AND COSTS**

Before the court is Defendant GMAC Mortgage, LLC's ("GMAC's") motion for sanctions, in which Defendant GMAC seeks the imposition of sanctions against Plaintiffs Carl and Liese Nichols for their failure to comply with Magistrate Judge Charmiane Claxton's November 14, 2011 order directing Plaintiffs to appear for their depositions within fourteen days of the entry of the order. Plaintiffs responded to the motion, claiming that up until April 15, 2012, they were too ill to appear for their depositions. On May 9, 2012, the court conducted an on-the-record telephonic hearing with counsel for the parties. For the reasons stated below and on the record, the court will grant in part Defendant GMAC's motion. Plaintiffs shall compensate Defendant GMAC for the reasonable attorney's fees and costs associated with Defendant GMAC's efforts to secure Plaintiffs' compliance with Magistrate Judge Claxton's order and the prosecution of the motion for sanctions. Plaintiffs will also be directed to tender, within twenty-four hours of the entry of this order, $961 to their attorney, Ted Jones, in

accordance with Magistrate Judge Claxton's award of attorney's fees and costs in her November 14, 2011 order.

Pursuant to Federal Rule of Civil Procedure 37(b)(2), Defendant GMAC requests that the court impose the most severe form of discovery sanctions, dismissal of Plaintiff's complaint. (Def. GMAC's Mot. Sanctions, 2, Dkt. # 26.) In the alternative, Defendant seeks "such other and further sanctions that the Court deems just and appropriate." (*Id.*) Rule 37(b)(2) provides that where a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders[,]" including, but not limited to, "prohibiting the disobedient party from supporting or opposing designated claims or defenses, . . . striking pleadings in whole or in part[,] . . . dismissing the action or proceeding in whole or in part[,] . . . [or] rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2). A court may also, in addition to or as an alternative to the above-mentioned orders, direct "the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure" to comply with the court order. Fed. R. Civ. P. 37(b)(2)(C).

A court must consider four factors when determining whether a plaintiff's complaint should be dismissed pursuant to Rule 37: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the party's adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990). Here, the record

is devoid of any indication that Plaintiffs have been warned that their failure to obey the court order could lead to dismissal.[1]  Nor has Defendant GMAC demonstrated that the prejudice it suffered as a result of Plaintiffs' failure to comply with Magistrate Judge Claxton's has been so severe that it cannot be remedied by less drastic sanctions.  Thus, dismissal of Plaintiffs' claims against Defendant GMAC is inappropriate.  Nevertheless, Plaintiffs have not established good cause for their nearly six-month failure to comply with the Magistrate Judge's order and have not substantiated their claims that until April 15, 2012, they were too ill to attend depositions.  The court will therefore impose sanctions against Plaintiffs pursuant to Rule 37(b) by ordering them to pay reasonable attorney's fees and costs associated with Defendant GMAC's efforts to secure Plaintiffs' compliance with the Magistrate Judge's order.

During the hearing, Defendant GMAC also brought to the court's attention Plaintiffs' failure to tender the previous award of attorney's fees and costs contained in the Magistrate Judge's order.  In her November 2011 order, the Magistrate Judge awarded Defendant GMAC its reasonable expenses incurred in the prosecution of its motion to compel.  (11/14/2011 Order, Dkt. # 23.)  Within seven days of the Magistrate Judge's order, Defendant GMAC submitted a declaration and accounting of its attorney's fees and costs, to which Plaintiffs did not object.  This amount is this drastically overdue and the court will impose a twenty-four hour deadline for Plaintiffs to

---

[1] During the telephonic hearing, however, the court clearly warned Plaintiffs' counsel that failure to comply with this order or Magistrate Judge Claxton's November 2011 order would likely result in the dismissal of his clients' complaint.

tender to their counsel the $961 award of attorney's fees and costs contained in the Magistrate Judge's order. Accordingly,

IT IS ORDERED that Defendant GMAC's motion for sanctions [Dkt. # 26] is GRANTED IN PART. Plaintiffs shall pay the reasonable attorney's fees and costs incurred by Defendant GMAC in securing Plaintiffs' compliance with the Magistrate Judge's order and in prosecuting this motion.

IT IS FURTHER ORDERED that Defendant GMAC is DIRECTED to file an accounting of attorney's fees and costs reasonably incurred in prosecuting this motion and securing Plaintiffs' compliance with Magistrate Judge Claxton's order on or before **May 24, 2012**. Plaintiffs shall then have fourteen days from the date of Defendant GMAC's submission to file objections, if any, to Defendant's calculations. Thereafter, the court will enter an order directing Plaintiffs to pay specified sanctions.

IT IS FURTHER ORDERED that Plaintiffs shall appear for their depositions at a time that is convenient for Defendant GMAC. Defendant GMAC may, at its choosing, unilaterally establish the date and time of Plaintiffs' depositions.

Finally, IT IS ORDERED that Plaintiffs are DIRECTED to tender to their attorney, Ted Jones, within twenty-four hours of entry of this order, $961 in accordance with Magistrate Judge Claxton's award of attorney's fees and costs in her November 11, 2011 order. Mr. Jones is DIRECTED to deliver the funds to Defendant GMAC's counsel forthwith.

   s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: May 11, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 11, 2012, by electronic and/or ordinary mail.

                                                  s/Lisa G. Wagner
                                                  Case Manager and Deputy Clerk
                                                  (313) 234-5522