**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

CARL G. NICHOLS and LIESE M. NICHOLS,

        Plaintiffs,

v.                                            Case No. 10-2072

GMAC HOME MORTGAGE CORPORATION,

        Defendant.

_____/

**ORDER AWARDING ATTORNEY'S FEES AND COSTS**

In its May 11, 2012 "Order Granting in Part Defendant GMAC's Motion for Sanctions," the court awarded Defendant GMAC Home Mortgage Corporation its attorney's fees and costs associated with prosecuting its motion for sanctions and to compel Plaintiffs' compliance with an earlier order of the court directing Plaintiffs to appear for depositions. Pursuant to the court's directive in the same order, Defendant filed a detailed accounting of its fees and costs, but did so six-days after the court-imposed deadline.[1] (*See* Thorsen Decl., Dkt. # 39.) Plaintiffs have not filed any objections to the accounting, despite being granted an extension to do so by the court. Having reviewed Defendant's accounting, the court concludes the requested

_____

[1]As the court alluded to in its June 27, 2012 order denying Plaintiffs' "Motion to Alter Judgment," Defendant's counsel has proffered a explanation of this six-day delay that satisfies the excusable neglect standard of Federal Rule of Civil Procedure 6(b)(1)(B). (*See* 6/27/2012 Order 5, Dkt. # 46.) Specifically, he has stated that just prior to the court-imposed deadline for the filing of the accounting, Defendant GMAC filed for bankruptcy, and it was not entirely clear whether the automatic stay in that case applied to these proceedings.

amount is reasonable and will enter an order finalizing the award of attorney's fees and costs contained in the May 11, 2012 order.

After a district court determines that fees are appropriate, the court must then arrive at a reasonable amount of fees to award. *See Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1400 (6th Cir. 1995). The "lodestar" approach is considered to be the proper method for determining the amount of reasonable attorney's fees. *Id.* at 1401 (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563 (1986)). In making the "lodestar" calculation, "[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* (alterations in original) (citation omitted). When "the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is *presumed* to be the reasonable fee to which counsel is entitled." *Del. Valley,* 478 U.S. at 564 (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).

Defendant's counsel states that the fees incurred by Defendant in securing Plaintiffs' compliance with the court's earlier discovery order amount to $1640.80. (Thorsen Decl. ¶ 9.) According to the itemization contained in the declaration, counsel billed 5.6 hours at an hourly rate of $293. The court finds the relatively small number of hours billed over the course of four months by counsel in drafting and prosecuting Defendant's motion for sanctions to be reasonable. Moreover, the hourly rate of $293 billed by counsel, a partner at the law firm of Bradley Arant Boult Cummings LLP, is also reasonable. Because Defendant's request of $1640.80 is presumptively reasonable

and Plaintiffs have not objected or rebutted the presumption, the court concludes that

Defendant is entitled to an award in this amount. Accordingly,

IT IS ORDERED that attorney's fees and costs are awarded against Plaintiffs

and in favor of Defendant in the amount of $1640.80.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 26, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, July 26, 2012, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522